UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:
JEFFREY S. HARDING,                           Chapter 7
       DEBTOR                              Case No. 05-23167-WCH

READING CO-OPERATIVE BANK,
       PLAINTIFF,
                                              Adversary Proceeding
v.                                            No. 06-01324-WCH

JEFFREY S. HARDING,
       DEFENDANT.

**MEMORANDUM OF DECISION**

**I. INTRODUCTION**

      The matters before the Court are the Motion to Dismiss in Part Plaintiff's Amended Complaint (the "Motion to Dismiss") filed by Jeffrey S. Harding (the "Debtor") and the Opposition to Debtor's Motion to Dismiss In Part Plaintiff's Amended Complaint (the "Opposition") filed by Reading Co-Operative Bank (the "Bank"). The Debtor contends that the Bank's amended complaint, which adds new factual allegations and an additional objection to the Debtor's discharge under § 727, is untimely because it was filed after the 60 day deadline imposed by Rule 4004(a) (the "Rule 4004(a) Deadline") and does not relate back to the original complaint under Rule 7015.[1]  For the

---

[1] Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific sections shall be to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-8, 119 Stat. 23, 11 U.S.C. § 101, *et seq*.  All references to " Rule" shall be to the Federal Rules of Bankruptcy Procedure.

1

reasons set forth below, I will deny the Debtor's motion.

## II. BACKGROUND

The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 14, 2005.[2] The Court scheduled the § 341 meeting of creditors for November 17, 2005, and ordered the Debtor to file, among other things, his schedules and statement of financial affairs. After receiving an extension of time, the Debtor filed his schedules and statement of financial affairs on November 15, 2005. Attached to these documents was the Declaration Concerning Debtor's Schedules (the "Declaration), on which the Debtor signed under penalty of perjury.

The Bank moved for, and was granted, several extensions of time within which to file a complaint objecting to the Debtor's discharge. On August 1, 2006, the Bank filed a one count complaint (the "Complaint") seeking denial of the Debtor's discharge under §§ 727(a)(2)(A), 727(a)(3), and 727(a)(6)(A). The factual allegations comprising the Complaint were the Debtor's failure to disclose all of his assets, namely, bank and mutual fund accounts, on Schedule B – Personal Property ("Schedule B") and the Statement of Financial Affairs, and the Debtor's failure to produce discovery documents in violation of the Court's order dated March 2, 2006 (the "March 2nd Order"). After receiving an extension of time, the Debtor answered the Complaint on September 6, 2006, and subsequently filed an amended answer on July 10, 2007.

On October 8, 2008, the Bank filed a motion to amend the Complaint to add additional factual allegations and to object to the Debtor's discharge under § 727(a)(4). The Debtor objected to the Bank's motion to amend on October 14, 2008, arguing that neither Rule 4004 nor Rule 7015

---

[2] I take judicial notice of the docket entries in this case. *See Rodi v. Southern New England School of Law*, 389 F.3d 5, 17-19 (1st Cir. 2004) (citations omitted).

permits the Bank's proposed amendments. Following a hearing on October 15, 2008, I granted the Bank's motion to amend, but reserved the Debtor's right to object to the complaint once it was amended.

On the same day, the Bank filed a three count amended complaint (the "Amended Complaint"). Through Count I of the Amended Complaint, the Bank seeks denial of the Debtor's discharge under § 727(a)(2), alleging that the Debtor concealed property with the intent to defraud his creditors. Through Count II, the Bank seeks denial of the Debtor's discharge under § 727(a)(3), alleging that the Debtor concealed or falsified recorded information from which his financial condition might be ascertained. Through Count III, the Bank seeks denial of the Debtor's discharge under § 727(a)(4), alleging that the Debtor made a false oath. The Bank further alleges in paragraphs 17-22 of the Amended Complaint ("Paragraphs 17-22") that, in addition to the Debtor having omitted certain financial accounts, the Debtor falsely stated on Schedule B and the Statement of Financial Affairs that he assigned a loan. Specifically, the Bank explains that on Schedule B, the Debtor listed a loan to Superior Sheet Metal, LLC (the "Superior Loan"), and valued his interest in the loan at $0. In describing the loan, the Debtor stated he assigned it to his wife, Paula Harding ("Ms. Harding"), on December 20, 2003, because she contributed her funds and granted a mortgage on her interest in the marital home to secure the loan. The Bank alleges that the Debtor never actually assigned the Superior Loan to Ms. Harding and that this statement is part of the Debtor's scheme to defraud his creditors.

The only other amendment is the Bank's removal of its previously asserted § 727(a)(6)(A) claim and the facts alleging the Debtor's noncompliance with the March 2nd Order. These amendments are not at issue.

On November 11, 2008, the Debtor filed the Motion to Dismiss. After receiving an extension of time, the Bank filed the Opposition on December 2, 2008, to which the Debtor filed a response on December 15, 2008. On December 17, 2008, I held a hearing on the Motion to Dismiss, and at its conclusion, took the matter under advisement.

### III. POSITIONS OF THE PARTIES

A. The Debtor

The Debtor moves to dismiss Count III of the Amended Complaint, which consists of the § 727(a)(4) claim and the factual allegations contained in Paragraphs 17-22. The Debtor first argues that Fed. R. Civ. P. 15(c)'s relation back provision does not apply when a creditor is amending a complaint to add new factual allegations or objections to the Debtor's discharge after the Rule 4004(a) Deadline has passed. In the alternative, the Debtor argues that even if the relation back provision does apply to the Rule 4004(a) Deadline, its application is not permissible here. The Debtor contends that he did not receive notice of Paragraphs 17-22 and the § 727(a)(4) claim because they do not arise out of the same conduct that the Bank alleged in the Complaint. Therefore, the Debtor argues, the Amended Complaint does not relate back.

B. The Bank

Opposing the Motion to Dismiss, the Bank argues that the relation back doctrine applies to amendments that are untimely under Rule 4004(a), and that its new allegations relate back to the Complaint. In reaching this conclusion, the Bank maintains that the Complaint provided the Debtor with adequate notice of Paragraphs 17-22 and the § 727(a)(4) claim. According to the Bank, the these amendments are part of the "same ball of wax" because the facts alleged in both the Complaint and Amended Complaint stem from the Debtor's fraudulent conduct in preparing and filing his

schedules. Therefore, the Bank contends, the Complaint gave the Debtor notice of the amendments, and the Amended Complaint relates back.

If the relation back doctrine does not apply, the Bank argues that equity should toll the deadline to allow Paragraphs 17-22 and the § 727(a)(4) claim because it did not discover the Debtor's fraudulent statements until after the deadline to object had passed.

## IV. DISCUSSION

In the Motion to Dismiss, the Debtor does not specify under which rule it moves to dismiss Paragraphs 17-22 and the § 727(a)(4) claim. Therefore, I construe it as a motion to dismiss under Fed. R. Civ. P. 12(b)(6), made applicable to this adversary proceeding by Rule 7012.[3] Fed. R. Civ. P. 12(b)(6) permits dismissal of a complaint that fails "to state a claim for relief that is plausible on its face."[4] "While most Rule 12(b)(6) motions are premised on a [party's] putative failure to state an actionable claim, such a motion may sometimes be premised on the inevitable success of an affirmative defense. Dismissing a case under Rule 12(b)(6) on the basis of an affirmative defense requires that '(i) the facts establishing the defense are definitively ascertainable from the complaint and the other allowable sources of information, and (ii) those facts suffice to establish the affirmative defense with certitude.'"[5]

---

[3] *E.g., Ross v. Camus (In re Camus),* 386 B.R. 396, 397 (Bankr. D. Conn. 2008) (construing Debtor's motion to dismiss for failure to satisfy Rule 4007(c) deadline as one to dismiss under Rule 12(b)(6)).

[4] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

[5] *Nisselson v. Lernout*, 469 F.3d 143, 150 (1st Cir. 2006) (citations omitted).

Rule 4004(a) is non-jurisdictional and is analogous to a statute of limitations.[6] It imposes a 60 day deadline from the date first set for the § 341 meeting to file objections to a debtor's discharge, unless a motion to extend was filed before the 60 days has expired.[7] Courts strictly construe the Rule 4004(a) Deadline to administer the bankruptcy estate efficiently and to provide debtors with a sense of finality.[8]

In contrast to the strict dictates of Rule 4004(a), Fed. R. Civ. P. 15(c), made applicable to adversary proceedings by Rule 7015, permits an otherwise untimely pleading to relate back to the date of the original pleading where the claim asserted in the amended pleading arises out of the same conduct, transaction, or occurrence set forth in the original pleading.[9] Courts apply Fed. R. Civ. P. 15(c)'s relation back provision liberally so that cases are decided on their merits, instead of on a procedural deficiency.[10]

In determining whether an amended pleading relates back to the original pleading, the relevant inquiry is whether the general factual situation alleged in the original pleading gave the defendant fair notice of the matters raised in the amended pleading.[11] The defendant has been given fair notice where the plaintiff seeks to "correct a technical mistake or omission, state a new legal

---

[6] *See Kontrick v. Ryan*, 540 U.S. 443, 447 (2004).

[7] Fed. R. Bank. P. 4004(a).

[8] *E.g., Calendario v. Pagan (In re Pagan)*, 282 B.R. 735, 739 (Bankr. D. Mass. 2002).

[9] Fed. R. Civ. P. 15(c)

[10] *Quaak v. Dexia*, 445 F.Supp.2d 130, 136 (D. Mass. 2006).

[11] *O'Loughlin v. Nat'l R.R. Passenger Corp.,* 928 F.2d 24, 27 (1st Cir. 1991).

theory of relief, or amplify the facts alleged in the [original pleading]."[12]  If, however, the plaintiff seeks to add a new and unrelated claim, the defendant has not received fair notice, rendering the relation back provision inapplicable, and the amended pleading is time barred if the limitations period has expired.[13]

Here, the Complaint fairly put the Debtor on notice that the Bank was complaining about his conduct in preparing and filing his schedules.  The conduct alleged in the Complaint and the Amended Complaint are simply different sides of the same coin: in the Complaint, the Bank alleges that the Debtor omitted information from his schedules; in the Amended Complaint, the Bank alleges that, in addition to omitting information, the Debtor made fraudulent statements on his schedules.  Because the underlying conduct complained of is the same, the Debtor had adequate notice of the amended allegations found in Paragraphs 17-22.

Under § 727(a)(4), a court will not grant a Debtor's discharge if the Debtor has knowingly and fraudulently made a false oath.  On the Declaration, the Debtor declared under penalty of perjury that his schedules were true and correct.  Thus, any intentional omission from the Debtor's schedules would constitute a false oath.  Because this false oath claim arises from the same conduct alleged in the Complaint, the Debtor had fair notice of this claim.

Accordingly, the Amended Complaint relates back to the date the original complaint was filed and is not time barred.

---

[12] *Grella v. Zimmerman (In re Art & Co., Inc.),* 179 B.R. 757, 763 (Bankr. D. Mass. 1995).

[13] *O'Loughlin v. Nat'l R.R. Passenger Corp.,* 928 F.2d at 27.

## V. CONCLUSION

In light of the foregoing, I will enter an order denying the Motion to Dismiss.

_____
William C. Hillman
United States Bankruptcy Judge

Dated: January 22, 2009